IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01872-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 8 2007

GREGORY C. LANGHAM
CLERK

LAMONT A. SPANN HOWARD,

     Plaintiff,

v.

THE DEPARTMENT OF CORRECTIONS (HEADQUARTERS) OF THE STATE OF
     COLORADO,
(D.O.C.) PAROLE HEADQUARTERS OF THE STATE OF COLORADO, and
DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT OF STERLING
     (CORRECTIONAL FACILITY) COLORADO,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

     Plaintiff, Lamont A. Spann Howard, is incarcerated at the El Paso County

Detention Facility in Colorado Springs, Colorado.  Mr. Howard has filed *pro se* a

Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights have been

violated.  The court must construe the complaint liberally because Mr. Howard is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the

*pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below,

Mr. Howard will be ordered to file an amended complaint.

     The court has reviewed Mr. Howard's complaint and finds that it is deficient.

First, it is not clear who all of the Defendants in this action are.  It appears that the first

named Defendant is the Colorado Department of Corrections.  However, the other two

Defendants, which are identified as the "(D.O.C.) Parole Headquarters of the State of Colorado" and the "Department of Corrections Medical Department of Sterling (Correctional Facility) Colorado," do not appear to be persons subject to suit in this § 1983 action. Mr. Howard is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Howard should name as Defendants the persons he believes actually violated his constitutional rights.

The court also finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate

2

the requirements of Rule 8.

Mr. Howard fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He apparently claims that he was denied adequate medical treatment and subjected to excessive force while he was incarcerated at the Sterling Correctional Facility. However, he fails to allege, clearly and concisely, how he was denied adequate medical treatment and subjected to excessive force or who denied him medical treatment and subjected him to excessive force. Furthermore, the relief Mr. Howard seeks is to have his parole suspended, but it is not clear how this requested relief is related to his medical treatment and excessive force claims.

Therefore, Mr. Howard will be directed to file an amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8. In order for Mr. Howard to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Howard is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Howard file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Howard, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

3

FURTHER ORDERED that, if Mr. Howard fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED September 28, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01872-BNB

Lamont A. Spann Howard
Prisoner No. 111029
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _9/28/07_

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk