IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01872-BNB

LAMONT A. SPANN HOWARD,

    Plaintiff,

v.

LT. D. TIDWELL, (Hearing Officer) at Sterling Correctional Facility,
DR. JOSEPH WERMER, at Colorado State Correctional Facility,
SGT. DANIEL POPPS, Correctional Officer at Sterling Correctional Facility,
KATHY LOVELL, (RN), Sterling Correctional Facility,
CHRISTINA RICHARD, Colorado Springs Parole Officer,
MARK ALLISON, Parole Officer at Colo. Spg's Parole Office, and
DEPARTMENT OF CORRECTIONS, of Colorado Medical Department,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Lamont A. Spann Howard, is incarcerated at the El Paso County Detention Facility in Colorado Springs, Colorado. Mr. Howard initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights have been violated. On September 28, 2007, the court ordered Mr. Howard to file an amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On October 10, 2007, Mr. Howard filed an amended complaint.

The court must construe the amended complaint liberally because Mr. Howard is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below,

Mr. Howard will be ordered to file a second amended complaint.

The court has reviewed Mr. Howard's amended complaint and finds that, although Mr. Howard appears to have made a good-faith effort to clarify who he is suing and the claims he is asserting, the amended complaint remains deficient. First, Mr. Howard makes at least three references in his amended complaint to his original complaint even though the court already has advised Mr. Howard that the original complaint is deficient. Furthermore, "an amended complaint supercedes the original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). Therefore, Mr. Howard will be directed to include in his second amended complaint all of the claims and allegations he wishes to have the court consider in this action.

In addition, the three claims Mr. Howard asserts in the amended complaint still fail to comply with the pleading requirements of Rule 8. In his first claim, which is labeled "medical malpractice medical neglect," Mr. Howard alleges that Defendant Dr. Joseph Wermer assured Mr. Howard his seizure activity was gone when it was not; that Dr. Wermer lied about taking Mr. Howard off medications; that Defendant Kathy Lovell stated at a hearing that people with seizures do not act out; and that the Defendant parole officers risked his health and safety by making him work under the table while on medications and without social security. These allegations do not set forth a short and plain statement of Mr. Howard's medical treatment claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a). It is not clear to the court how Dr. Wermer's assurance that Mr. Howard's seizure activity was gone violated Mr. Howard's rights if Dr. Wermer

2

did not take Mr. Howard off his medications. Mr. Howard does not allege at what hearing Nurse Lovell made her statement about people with seizures or how that statement or hearing relates to his medical treatment. It also is not clear the Defendant parole officers risked his health and safety. Finally, it is not clear to the court how these allegations relate to one another in support of a single medical treatment claim.

Mr. Howard's second claim for relief is labeled "Excessive Force." In the second claim Mr. Howard alleges that Defendant Sgt. Daniel Popp lied in his report about a May 2005 incident in which Mr. Howard alleges he was having a seizure. However, Mr. Howard does not allege that he was subjected to excessive force by Sgt. Popp or anyone else during the May 2005 incident.

Finally, in his third claim, which is labeled "Emotional Distress," Mr. Howard alleges that he has been lied to and tricked but he fails to provide any factual allegations against any of the named Defendants.

Mr. Howard will be given one final opportunity to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Howard is reminded that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Howard also is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly,

it is

FURTHER ORDERED that Mr. Howard file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Howard, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Howard fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 22, 2007, at Denver, Colorado.

                                     BY THE COURT:

                                     s/ Boyd N. Boland
                                     United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01872-BNB

Lamont A. Spann Howard
Prisoner No. 111029
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individual on 10/22/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk