IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01872-WYD-CBS

LAMONT A. SPANN HOWARD,
    Plaintiff,
v.

LT. D. TIDWELL (Hearing Officer) at Sterling Corr. Fac.,
DR. JOSEPH WERMER at Colo State Correctional Fac.,
SGT. DANIEL POPPS, (Correctional Officer) at Sterling Cor Fac,
KATHY LOVELL (RN) Sterling Correctional Facility,
CHRISTINA RICHARD, Colo Spg's Parole Officer,
MARK ALLISON, Parole Officer at Colo Spg's Parole Office,
DEPARTMENT OF CORRECTIONS OF COLO. MEDICAL DEPARTMENT,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Howard's "Civil Protection Order" (filed January 22, 2008) (doc. # 23) (docketed by the Clerk of the Court as "Motion for Protective Order"); (2) Defendants Tidwell, Wermers, Popp, and Lovell's Motion for Summary Judgment (filed March 10, 2008) (doc. # 32); and (3) Defendants Richard and Allison's Motion to Dismiss (filed March 10, 2008) (doc. # 33). Pursuant to the Order of Reference dated January 24, 2008 (doc. # 24) and the memoranda dated January 24, 2008 (doc. # 25) and March 10, 2008 (doc. # 34), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the pleadings, the exhibits and affidavits, the entire case file and the applicable law and is sufficiently advised in the premises.[1]

---

[1] On March 25, 2008, the court directed Mr. Howard to file any response on or before March 31, 2008. (*See* doc. # 35). Mr. Howard has neither filed a response to Defendants' Motions nor requested an extension of time to file a response.

1

I.   Statement of the Case

Mr. Howard is currently incarcerated at the Sterling Correctional Facility ("SCF") in Sterling, Colorado. (*See* doc. # 29). At the time Mr. Howard filed his initial Complaint (doc. # 3), he was incarcerated at the El Paso County Jail in Colorado Springs, Colorado. While Mr. Howard has filed several complaints, the Second Amended Complaint ("SAC") filed on November 8, 2007 (doc. # 14) and the Supplement/Amendment filed November 9, 2007 (doc. # 13) constitute the operative pleading. Mr. Howard alleges three claims pursuant to Title 42 U.S.C. § 1983 for: (1) "medical malpractice/medical neglect" for cessation of medication for a "seizure disorder;" (2) excessive force in violation of the Eighth Amendment for "holding me down . . while having a seizure;" and (3) "emotional distress" related to the previous claims and Mr. Howard's prison job in the "metal shop and engine repair shop." (*See* SAC (doc. # 14) at pp. 4-12 of 14; Supplement/Amendment (doc. # 13)). As relief, Mr. Howard "wants D.O.C. to correct their mistakes off my file," "seizure training" for correctional officers, modification of his parole, and compensatory damages. (*See id.* at p. 14 of 14).

II.   Defendants Tidwell, Wermers, Popp, and Lovell's Motion for Summary Judgment

A.   Standard of Review

> Summary judgment is proper under Fed.R.Civ.P. 56(c) when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In applying the standard, the court reviews the pleadings and documentary evidence in the light most favorable to the non moving party. To defeat a properly supported motion for summary judgment, there must be evidence upon which the jury could reasonably find for the plaintiff. Judgment as a matter of law is improper unless the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ as to the conclusion. Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial.

*Lee v. Board of County Com'rs of Arapahoe County, Colo.*, 18 F. Supp.2d 1143, 1156 (D. Colo. 1998) (internal quotation marks and citations omitted).

Mr. Howard has not filed any response to Defendants' Motion. By its March 25, 2008 order (doc. # 35), the court provided Mr. Howard ample notice and time to respond to Defendants' Motion. "[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). "The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Reed v. Bennett*, 312 F.3d at 1195. "By failing to file a response . . . , the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d at 1195. But only if the "material facts asserted and properly supported in the summary judgment motion . . . entitle the moving party to judgment as a matter of law should the court grant summary judgment." *Reed v. Bennett*, 312 F.3d at 1195 (citations omitted). *See also Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002) ("Summary judgment is not proper merely because Murray failed to file a response. Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.").

B.    Analysis

Mr. Howard brings his claims pursuant to 42 U.S.C. § 1983. (See SAC (doc. # 14) at p. 4 of 14). Defendants Tidwell, Wermers, Popp, and Lovell argue that Mr. Howard's claims are barred by the statute of limitations.

Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under 42 U.S.C. § 1983. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year

limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) (further quotations omitted)).

Mr. Howard alleges that Defendant Wermers improperly discontinued his seizure medication in January 2005 without any testing. (*See* SAC (doc. # 14) at p. 6 of 14). Mr. Howard was not taking seizure medication between January and May 2005. (*See id.* at p. 7 of 14). Mr. Howard alleges that he had a seizure on May 15, 2005. (*See* SAC (doc. # 14) at p. 9 of 14; *see also* Affidavit of Shawna Roche (doc. # 32-2)). Mr. Howard alleges that his seizure medication was subsequently resumed. (*See id.* at p. 6 of 14). Mr. Howard knew or had reason to know no later than May 15, 2005 of his claim that Dr. Wermers committed medical malpractice and medical neglect by discontinuing his seizure medication.

Mr. Howard alleges that Defendant Popp "used excessive force holding m[e] down while another Correctional Officer placed handcuffs" on him on May 15, 2005. (*See* SAC (doc. # 14) at p. 9 of 14; *see also* Affidavit of Shawna Roche (doc. # 32-2)). Any claim that Defendant Popp used excessive force on May 15, 2005 accrued on May 15, 2005. *See Price v. Philpot*, 420 F.3d 1158, 1163 (10th Cir. 2005) (holding excessive force upon arrest claim accrued on the day of the arrest).

Mr. Howard alleges that Defendants Lovell, Popp, and Wermers lied at his

disciplinary hearing held on June 10, 2005. (*See* SAC (doc. # 14) at p. 9 of 14; *see also* Affidavit of Shawna Roche (doc. # 32-2)). Mr. Howard's claims that Defendants Lovell, Popp, and Wermers lied at the disciplinary hearing accrued on the date of the hearing, June 10, 2005.

Mr. Howard alleges that Defendant Tidwell, who served as SCF's representative at the disciplinary hearing, failed to conduct an adequate investigation of the May 15, 2005 seizure incident and improperly charged him with assault. (*See* SAC (doc. # 14) at pp. 7, 9, 11 of 14; *see also* Affidavit of Shawna Roche (doc. # 32-2)). Mr. Howard's claims against Defendant Tidwell accrued no later than May 15, 2005.

It is undisputed that Mr. Howard filed the initial Complaint on or about August 29, 2007, more than two years after the events that he alleges occurred in May and June of 2005. (*See* doc. # 3). Mr. Howard's allegations demonstrate that his claims accrued on May 15, 2005 and June 10, 2005. Mr. Howard has not argued any basis for tolling the statute of limitations. *See Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991) ("Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled."). Mr. Howard's claims against Defendants Tidwell, Wermers, Popp, and Lovell are properly dismissed with prejudice as barred by the statute of limitations.[2] [3]

---

[2]   To the extent that any of Mr. Howard's claims can be interpreted to be state law tort claims, they would likewise be barred by the two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102 (two-year statute of limitations governing torts).

[3]   Mr. Howard's Claim One also fails to state a claim upon which relief can be granted because claims of § 1983 liability may not be predicated on negligence. *See Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). In Claim One, Mr. Howard has alleged nothing more than a lack of due care in the nature of negligence and thus fails to state a cognizable claim under 42 U.S.C. § 1983. (*See* SAC (doc. # 14) at pp. 6-8 of 14).

III. Defendants Richard and Allison's Motion to Dismiss

A. Standard of Review

Mr. Howard names Defendants Richard and Allison in his Claim Three for "Emotional Distress." (*See* SAC (doc. # 14) at p. 11 of 14; *see also* Supplement/Amendment (doc. # 13)). Mr. Howard alleges that while he was on parole in 2006, Defendants Richard and Allison "made me work under the table risking my health and safety while on med's without social security card at (APR Motors)." (*See* doc. # 14 at pp. 3, 5, 11 of 14: doc. # 13 at pp. 2-3 of 3; doc. # 3 at p. 3 of 17; doc. # 8 at pp. 3, 6-7 of 12; doc. # 11 at pp. 7-8, 15 of 28). Mr. Howard alleges that the job he was required to work while on parole was dangerous due to his seizure disorder. (*See* doc. # 14 at pp. 3, 5, 11 of 14).

Defendants Richard and Allison move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Tenth Circuit Court of Appeals has explained that under this revised standard,

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level."

*Id.*

Because Mr. Howard appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations

7

omitted).

B. Analysis

Mr. Howard's claim for emotional distress, standing alone, does not state a claim for relief. To the extent that Mr. Howard is claiming emotional distress based on his § 1983 claims, Defendants Richard and Allison argue that he fails to state a claim for a § 1983 violation, that they are entitled to qualified immunity, that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), bars his damages claim, and that his request for modification of his parole is moot.

1. Failure to State claim for § 1983 Violation

To the extent that Mr. Howard is claiming that Defendants Richard and Allison are liable for a § 1983 violation, involuntary exposure to an environment which may cause disease or death may be violative of the Eighth Amendment. *See Avery v. Powell*, 695 F. Supp. 632, 636-37 (D.N.H. 1988) (citations omitted). An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "It is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1999) (citing *Farmer*, 511 U.S. at 837). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inferences." *Farmer*, 511 U.S. at 837.

Mr. Howard has not sufficiently alleged that he was subjected to a substantial risk of serious harm to his health or safety. Mr. Howard alleges that Defendants Richard and Allison "had me endangering my life with no social security and no photo ID, no pay or child support or taxes being took out." (*See* doc. # 13 at p. 2 of 3). He does not allege any basis on which these Defendants were responsible for his social security, photo ID, child support, or taxes. Mr. Howard presents nothing more than conclusory allegations that "is a metal shop and engine repair shop very dangerous surroundings for a person with my condition [sic]." (*See* doc. # 13 at p. 2 of 3).

Mr. Howard has not alleged that he was subject to any medical or work restrictions or that Defendants Richard and Allison were aware of any such restrictions. He has not alleged that Defendants Richard and Allison knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Mr. Howard's conclusory allegations are insufficient to support a claim of deliberate indifference, and thus his claims are not cognizable under the Eighth Amendment. (*See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (allegations that he was assigned a job inconsistent with his experience and physical abilities do not rise to the level of deliberate indifference to his serious medical needs and, therefore, do not state a claim for cruel and unusual punishment) (citation omitted)).

2. Qualified Immunity

Defendants Richard and Allison raise the defense of qualified immunity. "The doctrine of qualified immunity provides that [w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1996) (internal

quotation marks and citations omitted). Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229.

> When [a defendant] asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden. Initially, the plaintiff must show the [defendant]'s conduct violated a constitutional right: A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant]'s conduct violated a constitutional right? If the [defendant]'s conduct did not violate a constitutional right, the inquiry ends and the [defendant] is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (internal quotation marks and citations omitted). *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted).

As the court has concluded in this Recommendation, above, that Mr. Howard has failed to state a claim upon which relief can be granted, Defendants Richard and Allison are entitled to qualified immunity. *See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

3. PLRA Bars Damages Claim

The PLRA provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Under this provision of the PLRA, an inmate cannot sue for mental anguish or emotional distress alone without evidence of a physical injury. *Perkins v. Kan. Dep't. of Corr.*, 165 F.3d 803, 807-08 (10th Cir. 1999); *Young v. Knight*, 113 F.3d 1248 (10th Cir. 1997) ("We further agree with the district court that petitioner has wholly failed to make any showing

of physical injury. Thus, his claim of mental anguish does not state a claim for relief pursuant to the requirement of 42 U.S.C. § 1997(e) as amended by the PLRA."). Mr. Howard fails to allege any physical injury due to Defendants Richard's or Allison's conduct. Accordingly, his claim for compensatory damages against Defendants Richard and Allison fails as a matter of law pursuant to the PLRA.

4. Request for Modification of Parole is Moot.

As Mr. Howard is no longer on parole, his request for injunctive relief "to modify my parole" is moot. *See, e.g., Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (following release from prison, inmate's claims for declaratory and injunctive relief were moot); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claims for declaratory and injunctive relief regarding prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions) (citations omitted). An exception to the mootness doctrine is recognized where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)(internal quotation marks and citation omitted). Mr. Howard has the burden of demonstrating this exception to the mootness doctrine. *Incumaa v. Ozmint,* 507 F.3d 281, 289 (4th Cir. 2007) (citation omitted). To fall within the exception, a plaintiff must demonstrate that (1) the challenged action was too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable probability that he will be subjected to the same action again. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). There must be a "demonstrated probability" that the challenged action will recur again, and to the same complainant. *Murphy,* 455 U.S. at 483. Mr. Howard has not alleged that he will be returned to parole and the same job that he believes endangers his life. As there is no allegation or reasonable expectation that Mr. Howard will be exposed to the objectionable

circumstances again, this is not the type of claim to which an exception to the mootness doctrine applies.

IV.	Mr. Howard's "Civil Protection Order" (docketed as "Motion for Protective Order")

While is it not clear from the title of the Motion, Mr. Howard "asks the court to grant some form of temporary injunction or restraining in this matter . . . ."

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." A moving party must demonstrate certain prerequisites for temporary or preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). A moving party may have an "even heavier burden" of showing a compelling basis for injunctive relief where the requested preliminary injunction would disturb the status quo, is mandatory as opposed to prohibitory, or would provide the moving party with substantially all the relief he may recover after a full trial on the merits. *Kikumura*, 242 F.3d at 955.

First, in light of the issues raised by Defendants' Motion for Summary Judgment and Motion to Dismiss, Mr. Howard has not demonstrated a substantial likelihood of success on the merits of the case. Second, Mr. Howard has not demonstrated that he will suffer irreparable injury if injunctive relief is denied. Mr. Howard has not requested any specific injunctive relief; rather, he requests "a civil protection order against all Defendants" and the Colorado Department of Corrections "for safety reasons." Mr. Howard has conclusorily alleged that a temporary injunction will "eliminate (intimidation, threats, conflict of interest, emotional abuse, danger and harm) [sic]," but has not presented any specific allegations or evidence of imminent irreparable harm. "To constitute irreparable harm, an

12

injury must be certain, great, actual and not theoretical." *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1267 (10th Cir. 2005) (citation omitted). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier*, 427 F.3d at 1267 (internal quotation marks and citation omitted). Mr. Howard has not sufficiently alleged or demonstrated that he will suffer irreparable injury.

Because Mr. Howard has failed to satisfy the four prerequisites, he has not sustained his burden of demonstrating a compelling basis for a temporary restraining order or preliminary injunctive relief. Mr. Howard's request for "some form of temporary injunction or restraining in this matter . . . ." is properly denied.


V.   Defendant Department of Corrections of Colorado Medical Department

As Mr. Howard is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the SAC on Defendants by the United States Marshal. (*See* doc. # 18). Pursuant to the court's January 2, 2008 "Order Granting Service by United States Marshal," the Clerk of the Court sought a waiver of service from Defendant Department of Corrections of Colorado Medical Department. On January 4, 2008, the court was notified that service could not be waived for Defendant Department of Corrections of Colorado Medical Department, as "[t]here are several individuals that are DOC employees who may or may not work providing inmate medical care services; there also may be contract employees for whom process service would not be waived. more specific information is required before service can be accepted." (*See* doc. # 19). Defendant Department of Corrections of Colorado Medical Department cannot be served based upon the information provided by Mr. Howard.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint,

there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendant Department of Corrections of Colorado Medical Department. Service was attempted with the information provided by Mr. Howard.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Approximately nine months have passed since the filing of this civil action and the record before the court indicates that Defendant Department of Corrections of Colorado Medical Department has not been served with a summons and complaint in this action. To date, Defendant Department of Corrections of Colorado Medical Department has not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action. Based upon Mr. Howard's failure to provide proof of service of the summons and complaint on Defendant Department of Corrections of Colorado Medical Department within 120 days after the filing of the complaint, the court recommends that Defendant Department of Corrections of Colorado Medical Department be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

Accordingly, IT IS RECOMMENDED that:

1. Defendants Tidwell, Wermers, Popp, and Lovell's Motion for Summary Judgment (filed March 10, 2008) (doc. # 32) be GRANTED and judgment on the operative complaint (docs. # 14 and # 13) be entered in favor of Defendants Tidwell, Wermers,

Popp, and Lovell and against Plaintiff.

2. Defendants Richard and Allison's Motion to Dismiss (filed March 10, 2008) (doc. # 33) be GRANTED and Defendants Richard and Allison be dismissed from this civil action.

3. Defendant Department of Corrections of Colorado Medical Department be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

4. Mr. Howard's "Civil Protection Order" (filed January 22, 2008) (doc. # 23) (docketed by the Clerk of the Court as "Motion for Protective Order") be DENIED.

5. No claims or Defendants remaining, this civil action be dismissed in its entirety.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate

judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of April, 2008.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge